TAYLOR, Judge.
The appellant, Michael Levon Stovall, was convicted of two counts of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975. He was sentenced to two consecutive terms of life imprisonment.
The state’s evidence tended to show that the appellant robbed employees of Jack’s restaurants in Colbert County, Alabama, on two occasions in December 1991. On December 2, the appellant and another man entered the back door of the Jack’s restaurant in Muscle Shoals around 8:30 p.m. The appellant was armed with a Smith & Wesson .357 revolver, and the other man was armed with a smaller revolver. The restaurant employees described the appellant as a large person and his partner as a small person.
The appellant forced the employees into the restaurant’s walk-in cooler while he held his gun on Judy Pennington, the assistant manager of the restaurant. He made Ms. Pennington open the safe in the office and told her to put the money that was in the safe in a bag. He then made Ms. Pennington remove the money from the cash registers and put it into the bag.
The appellant then had Ms. Pennington join the other employees in the cooler. The appellant told all of the employees to remain in the cooler for 10 minutes and then barricaded the cooler door. By the time the employees were able to get out of the cooler, the appellant and his partner were gone.
Three days later, on December 5, the appellant and a man fitting the description of the appellant’s partner in the December 2 robbery, robbed the assistant manager of a Jack’s restaurant in Sheffield. On this occasion, the appellant entered a front door of the restaurant around 9:00 p.m. and jumped over the counter. He was armed with what was described as a large, shiny, silver-colored revolver. He forced the employees into the walk-in cooler and made the assistant manager, Chris McVay, give him the money that was in the safe and the cash registers.
Employees from both the Muscle Shoals restaurant and the Sheffield restaurant identified the appellant in court as one of the two men who entered the restaurants and took money from the assistant managers.
I
The appellant contends that the court erred in consolidating the two robberies for prosecution in one trial.
Rule 13.3(e), A.R.Crim.P., provides for the consolidation of offenses:
“If offenses ... are charged in separate indictments, informations, or complaints, *1342 the court on its own initiative or on motion of either party may order that the charges be tried together ... for the purposes of trial if the offenses ... could have been joined in a single indictment, information, or complaint.”
Rule 13.3(a), A.R.Crim.P., sets forth the circumstances under which offenses may be joined in the same indictment:
“Two or more offenses may be joined in an indictment, information, or complaint, if they:
“(1) Are of the same or similar character; or
“(2) Are based on the same conduct or are otherwise connected in their commission; or
“(3) Are alleged to have been part of a common scheme or plan.”
The appellant was charged with robbing employees at two Jack’s restaurants in Colbert County, Alabama, during the same week. On each occasion he was armed with a revolver and was accompanied by another man. At both restaurants, he forced the employees into the restaurant’s walk-in cooler while he forced the assistant managers to give him money kept in the safes and cash registers.
In his brief to this court, the appellant contends that the state did not show that the two robberies were based on the same conduct or that they were part of a common plan or scheme. Even accepting the appellant’s assertion as true, we cannot conclude that the two robberies were not of “similar character.” Rule 13.3(a)(1), A.R.Crim.P. “Joinder, and thus consolidation, is appropriate where the crimes are of similar character, meaning nearly corresponding, resembling in many respects, or having a general likeness. United States v. Werner, 620 F.2d 922, 926 (2d Cir.1980).” Ex parte Hinton, 548 So.2d 562, 566 (Ala.), cert. denied, 493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989).
Based on the similarity of the two robberies, the trial court did not err in consolidating the two offenses for trial.
II
The appellant also contends that the court erred in receiving into evidence two photographs of the Jack’s restaurant in Muscle Shoals because, he says, the photographs did not depict the restaurant exactly as it was at the time of the robbery. One of the photographs depicted the kitchen area, and the other depicted the front counter area. A wall that had been in the kitchen at the time of the robbery had been removed before the photograph was taken, and new cash registers had been installed at the front counter.
“Photographs are not rendered inadmissible when conditions have changed and are not exactly .the same as they were at the time when the incident occurred when the differences are immaterial and sufficiently explained to the jury. Such goes to the weight of the evidence, rather than its admissibility.”
Donner v. State, 409 So.2d 461, 465 (Ala.Cr.App.1981). The witness who identified the photographs explained how the restaurant had been changed. Furthermore, those ‘changes to the restaurant were not material to the issue of the appellant’s guilt. The court did not err in receiving the photographs into evidence.
For the foregoing reasons, the appellant’s convictions for robbery in the first degree are affirmed.
AFFIRMED.
All the Judges concur.